UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LENNORA R. BANKS-DAVIS, | Case No. 16-CV-1729 (MJD/FLN) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| DAVID PAUL, Warden; DR. HARVEY, Contracted Physician; LORETTA LYNCH, United States Attorney General; HONORABLE PRESIDENT BARACK OBAMA; and THOMAS KAINE, Interim Director of the Bureau of Prisons, | |
| Defendants. | |

---

Plaintiff Lennora R. Banks-Davis, a prisoner at the Federal Correctional Institution at Waseca, Minnesota, initiated this action with three other prisoners alleging violations of their constitutional rights.[1] The plaintiffs did not pay the filing fee for this action, and only Banks-Davis applied to proceed *in forma pauperis* ("IFP"). On June 14, 2016, this Court ordered Banks-Davis to pay an initial partial filing fee of at least $17.67 in accordance with 28 U.S.C. § 1915(b) and ordered the other plaintiffs either to submit the full filing fee or apply for IFP status, as Banks-Davis had done. *See* ECF No. 6. The other plaintiffs did not comply with the Court's order and were dismissed from this case without prejudice for failure to prosecute. *See* ECF No. 17.

Banks-Davis, however, submitted the initial partial filing fee as ordered, and this matter thereafter proceeded to screening under 28 U.S.C. § 1915A. On screening, this Court noted that

---

[1]*See Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

the complaint submitted by Banks-Davis failed to state a claim on which relief could be granted, as the complaint consisted entirely of conclusory allegations. *See* ECF No. 19 at 2. But rather than recommend dismissal of this action, this Court afforded Banks-Davis an opportunity to amend her complaint.

This matter is now before the Court on review of Banks-Davis's amended complaint pursuant to 28 U.S.C. § 1915A. Under that provision, the Court must review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity

> and identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Banks-Davis's amended complaint is, if anything, less detailed than her original complaint.² Based on the entirety of what Banks-Davis has submitted to date — including both the original and amended complaints, two motions for emergency relief, and all other documents — this Court interprets Banks-Davis as attempting to raise two unrelated sets of claims.

First, Banks-Davis alleges that prison officials have been deliberately indifferent to her medical needs in violation of the Eighth Amendment. As explained previously, however, these claims are largely conclusory. Never does Banks-Davis explain who, exactly, has deprived her of necessary medical care or otherwise acted in a manner indifferent to her medical needs. *See Roberts v. Lombardi*, 512 Fed. App'x 645, 647 (8th Cir. 2013) ("Upon careful review of the lengthy record, we conclude that the district court correctly determined that Mr. Roberts's complaint failed to state a claim for damages under section 1983, because he did not describe specific conduct by any defendant that denied him necessary treatment."); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (complaint raising claims of constitutional violations must allege that defendant was personally involved in or had direct responsibility for incidents that injured the plaintiff); *Bonner v. Outlaw*, 552 F.3d 673 (8th Cir. 2009) (applying same rule to *Bivens* actions). Nor is Banks-Davis particularly clear about how her medical needs are not being met by prison staff; her amended complaint, for example, requests "[p]roper medical care for my ADHD" but does not allege how the current state of her medical care is inadequate. She also alleges in a letter submitted simultaneous with the amended complaint that she has been

---

²Banks-Davis expressly states that she would provide additional pleadings regarding the "statement of the claim," Am. Compl. at 4 [ECF No. 21], but well over a month has passed since Banks-Davis submitted her amended complaint and no such additional pleadings have been forthcoming.

denied "proper medicine" by prison staff, *see* ECF No. 20, but she does not explain what medicine is needed.  Nor does Banks-Davis adequately allege that any prison official, whether named as a defendant or not, has acted with a mental state akin to criminal recklessness, as is required to make out a claim for deliberate indifference.  *See Allard v. Baldwin*, 779 F.3d 768, 772 (8th Cir. 2015).  This is not enough to state a claim for relief under the Eighth Amendment.

The documents submitted by Banks-Davis pertain much more closely to alleged disciplinary misconduct by prison officials.  For example, Banks-Davis alleges that prison staff subjects inmates to verbal abuse, but "[v]erbal abuse and mere threatening language from prison officials are not actionable. . . . Although such behavior may be unprofessional, it is not unconstitutional."  *Kendrick v. Faust*, 662 F. Supp. 2d, 932, 944 (E.D. Ark. 2010) (citations omitted).  Banks-Davis also believes that she has wrongfully been subjected to disciplinary procedures that have resulted in the loss of good-time credit.  But even leaving aside the fact that Banks-Davis never adequately alleges why she should not have been subjected to discipline, an action "seeking damages for prison discipline that resulted in a loss of good time credits does not arise until the inmate has successfully challenged that discipline through habeas or some other proceeding."  *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  Until Banks-Davis successfully brings a habeas corpus action or otherwise earns reversal of the disciplinary proceedings, she cannot seek damages in this action based on the alleged illegality of those proceedings.[3]

---

[3]This Court declines to construe *this* action as a habeas corpus proceeding seeking to invalidate the prison disciplinary proceedings and restore good-time credit, in part because the details of why those proceedings were improper is not well developed and would require yet another amendment before proceeding, and in part because this action has always been presented
(continued...)

Accordingly, it is hereby recommended that this action be dismissed without prejudice for failure to state a claim on which relief may be granted.  Because Banks-Davis cannot succeed on the merits based on the allegations in the amended complaint, it is further recommended that her motions for emergency relief [ECF Nos. 3 & 22] be denied.[4]  Finally, because it is recommended that this action be dismissed, Banks-Davis's application to proceed IFP should also be denied.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

2. Plaintiff Lennora R. Banks-Davis's motions for emergency relief [ECF Nos. 3 & 22] be DENIED.

3. Banks-Davis's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

---

[3](...continued)
by Banks-Davis as a civil-rights action, not a habeas action.

[4] Banks-Davis's first motion is vague as to whom she seeks relief (and as to what specific relief she requests), but her second motion seeks injunctive relief only from non-parties to this action.  "[A] district court is powerless to issue a preliminary injunction against a non-party to action."  *Sanders v. Norris*, No. 5:07CV262 SWW/HDY, 2008 WL 5510742, at *4 (E.D. Ark. Oct. 22, 2008).

Dated: December 12, 2016          _s/Franklin L. Noel_
                                             Franklin L. Noel
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.